**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

(1) KARAN GUPTA,

Defendant.

Case No. 24-cr-282 (KMM/DJF)

**UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture that includes a General Order of Forfeiture that holds the forfeiture open for post-sentencing amendment pursuant to Fed. R. Crim. P. 32.2(b)(2)(C), 18 U.S.C. § 981(a)(1)(C) in conjunction with 28, U.S.C. § 2461(c) and 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1).

## I. BACKGROUND

On October 17, 2024, an Indictment was filed in the District of Minnesota against Defendant Karan Gupta. ECF No. 1. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property which constitutes or is derived from proceeds traceable to Count 1-10 of the Indictment and, pursuant to 18

U.S.C. § 982(a)(1), of any property, real or personal, involved in the Conspiracy to Commit Money Laundering or any property traceable to such property.[1]

On February 13, 2026, the Jury returned a verdict finding Gupta guilty of all twelve counts alleged in the Indictment, including Wire Fraud Conspiracy, Wire Fraud, and Money Laundering Conspiracy. ECF No. 102.

On August 18, 2026, the United States filed a Motion for Preliminary Order of Forfeiture through which it requested, among other things, a money judgment forfeiture in the amount of $334,146 against Defendant Gupta. ECF No. 131. On August 21, 2026, Defendant Gupta filed a Response in opposition to the Motion for Preliminary Order of Forfeiture, asserting, among other things, that the amount of the money judgment forfeiture against Gupta shouldconfer not exceed $185,201. ECF No. 136. Gupta acknowledged that the Court may hold open the forfeiture for subsequent, post-sentencing determination of, among other things, the amount of the money judgment forfeiture. The procedural tool that allows this is the entry of a General Order of Forfeiture that holds open the forfeiture for subsequent, post sentencing determination pursuant to Rule 32.2(b)(2)(C). That is what the parties request here.[2]

[1] The Forfeiture Allegations of the Indictment contain a typographical error which mislabels the money laundering conspiracy as Count 11 rather than Count 12. More specifically, the Indictment cites 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as forfeiture authority for Counts 1 through 10, rather than for Counts 1-11.

[2] Gupta notes that this would also give the parties the opportunity to determine whether an agreement could be reached with respect to the forfeiture. Both parties have expressed a willingness to explore such discussions.

## ARGUMENT

### A General Order of Forfeiture Should be Issued to Hold the Forfeiture Open.

The United States requests that a general order of forfeiture be entered against Defendant Gupta pursuant to Fed. R. Crim. P. 32.2(b)(2)(C), which authorizes a district court to enter an order of forfeiture that describes property in general terms and states that it will be amended when additional specific property is identified. Rule 32.2(b)(2)(C) provides:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i) lists any identified property;
> (ii) describes other property in general terms;
> (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C); *see, e.g., United States v. Arnold*, 878 F.3d 940, 944 (10th Cir. 2017) ("Rule 32.2 anticipates the possibility that the court may not be able to determine the amount of the money judgment before sentencing. It therefore permits a court to amend a preliminary, general forfeiture order once the amount of the money judgment has been calculated."); *United States v. Touizer*, 808 F. App'x 954, 958 (11th Cir. 2020) (by entering a preliminary order prior to sentencing pursuant to Rule 32.2(b)(2)(C), district court retained jurisdiction to amend the order after the defendant's sentencing).

As a result, the United States requests a General Order of Forfeiture as provided

for in Fed. R. Crim. P. 32.2(b)(2)(C). Defendant Gupta does not oppose this request and asserts he has not withdrawn, waived, or conceded his objections to the Government's forfeiture notice. *See* ECF No. 136. Such an order would hold the forfeiture open to allow the parties to provide the Court with additional briefing and potentially a hearing to determine the proper scope of the forfeiture order, including the amount of the money judgment forfeiture, if the parties are unable to reach an agreement. Such an order would address Defendant Gupta's concern about having sufficient time to fully respond to the pending motion, and it would better enable the Court to address the specific legal and factual issues at issue in this matter.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully submits this unopposed motion, pursuant to Rule 32.2(b)(2)(C), for a preliminary order of forfeiture that includes a general order of forfeiture which holds open the forfeiture for subsequent, post-sentencing amendment pursuant to Rule 32.2(e).

Respectfully submitted,

Dated: 8/21/2026

DANIEL N. ROSEN
United States Attorney
*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov